James R. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile: (406) 452-9360
jrz@uazh.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| JOHN T. ("JT") LUTE,<br><br>Plaintiff,<br>v.<br><br>WALMART INC. and JOHN DOES 1-5.,<br><br>Defendants. | Case No.: CV-26-328-GF-JTJ<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff, John T. ("JT") Lute, and for his Complaint, alleges as follows:

**PARTIES**

1. At all times relevant, Plaintiff is and was a citizen and resident of Great Falls, Cascade County, Montana.

2. Defendant Walmart Inc. ("Defendant") is a corporation organized and

existing under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas.

3. Defendants John Does 1-5 are unknown to Plaintiff at this time, but may be liable for the damages to Plaintiff.

**VENUE AND JURISDICTION**

4. Jurisdiction is proper over the parties and matter pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendant and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Pursuant to L.R. 3.2(b)(b)(1)(A) and (1)(B), venue in this Court is proper because Defendant's tortious actions occurred in, and Plaintiff resides in Cascade County, Montana.

6. Venue in the Great Falls Division is proper because Cascade County is within the Great Falls Division pursuant to L.R. 1.2(c)(3).

**GENERAL ALLEGATIONS**

7. On September 20, 2024, Plaintiff was lawfully present on Defendant's premises located at 5320 10th Ave. South, Supercenter #2455, in Great Falls, Montana (hereafter Walmart Supercenter").

8. While shopping in the personal care department at the Walmart

Supercenter, Plaintiff encountered a dangerous condition on the floor when he tripped and fell over an empty pallet that had been left in the customer aisle, creating an unreasonably dangerous condition.

9. At the time of the incident, two Walmart employees were removing seasonal merchandise and placing the merchandise onto pallets positioned in the middle of the aisle, requiring customers to navigate around them.

10. Plaintiff asked one of the employees for assistance locating an item and began following the employee down the aisle.

11. As they proceeded down the aisle, they encountered a female customer pushing a shopping cart. Because the pallets significantly narrowed the aisle, there was insufficient room for both Plaintiff and the customer to pass safely.

12. To allow the customer through, Plaintiff stepped to the side, and his foot caught an empty pallet that had been left in the walking path, and he immediately tripped and fell to the floor.

13. Plaintiff's fall was witnessed by both Walmart employees, who offered Plaintiff assistance and repeatedly apologized to Plaintiff, acknowledging that they had been trained to place safety cones on the corners of empty pallets being used for stocking merchandise but had failed to do so.

## COUNT ONE - NEGLIGENCE

14. Plaintiff repleads and incorporates by reference the allegations in each of paragraphs 1-13.

15. Defendant owed Plaintiff a duty to exercise reasonable care in the operation, maintenance, and control of the Walmart Supercenter.

16. Defendant breached that duty by, among other things, failing to maintain the premises in a reasonably safe condition; failing to correct dangerous conditions; failing to warn visitors of known or reasonably discoverable hazards; and otherwise failing to exercise reasonable care under the circumstances.

17. Defendant's negligence was a direct and proximate cause of Plaintiff's injuries and damages.

18. As a result of Defendant’s negligence, Plaintiff has suffered injuries including, but not limited to past and future medical expenses, wage loss, lost services, and other general damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. For an award of damages in an amount to be proven at trial.
2. For costs, disbursements, and other recoverable expenses; and
3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED this 9th day of November, 2026.

UGRIN ALEXANDER ZADICK, P.C.

/s/ James R. Zadick
James R. Zadick
Attorneys for Plaintiff